# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed:  November 22, 2019

\* \* \* \* \* \* \* \* \* \* \* \* \*   \*

SKYE ROBERTSON, *mother,*   \*
*individually and in her capacity as*   \*
*the Prochein Ami of* D.R.-O., *a minor,*   \*
   \*
     Petitioner,   \*   No. 17-327V
   \*   Special Master Oler
v.   \*
   \*   Attorneys' Fees and Costs
SECRETARY OF HEALTH   \*
AND HUMAN SERVICES,   \*
   \*
     Respondent.   \*

\* \* \* \* \* \* \* \* \* \* \* \* \*   \*

*Dennis W. Potts*, Dennis W. Potts, Esq., Honolulu, HI, for Petitioner.
*Lara A. Englund*, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On March 9, 2017, Skye Robertson ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program on behalf of her minor child, D.R.-O.[2]  42 U.S.C. §§ 300aa-10 to -34 (2012). Petitioner alleged that D.R.-O. suffered a seizure disorder and other injuries as result of receiving the DTaP vaccine on July 12, 2016. Pet., ECF No. 1, at 1. On September 19, 2019, the parties filed a Stipulation, which the undersigned adopted as her Decision awarding compensation on September 26, 2019. ECF No. 61.

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

On July 12, 2019, Petitioner filed an application for final attorneys' fees and costs. ECF No. 55. On September 25, 2019, Petitioner filed an updated application for final attorneys' fees and costs ("Fees App.") (ECF No. 60), and on October 29, 2019, at the behest of the Court, Petitioner filed a supplemental motion documenting the requested attorneys' costs ("Supp. Fees App.", ECF No. 67). Petitioner requests total attorneys' fees and costs in the amount of $17,934.34, representing $12,879.58 in attorneys' fees and $5,054.76 in attorneys' costs. Fees App. at 4. Pursuant to General Order No. 9, Petitioner states that she has not personally incurred any costs related to this case. Supp. Fees App. at 1. Respondent responded to the motion on September 26, 2019, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2-3, ECF No. 62. Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

## I.  Reasonable Attorneys' Fees and Costs

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa−15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, because Petitioner was awarded compensation, she is entitled to an award of reasonable attorneys' fees and costs.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### a.  Reasonable Hourly Rates

Petitioner requests that her counsel, Mr. Dennis Potts, be compensated at $250.00 per hour for all work performed in this case (from 2016-2019). Mr. Potts practices law in Honolulu, Hawaii and has been licensed to practice for 48 years per his submitted declaration accompanying the fees motion. Fees App. Ex. 1 at 1. Upon review, the undersigned finds that the requested hourly rate is reasonable and awards it herein.

### b.  Reasonable Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Additionally, it is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Human Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

Upon review, the undersigned finds the overall hours billed (49.2) to be reasonable. Counsel has provided sufficiently detailed descriptions for the tasks performed, and, upon review, the undersigned does not find any of the billing entries to be unreasonable.  Respondent also did not indicate that he finds any of the billing entries to be unreasonable.  Accordingly, Petitioner is entitled to final attorneys' fees in the amount of **$12,879.58**.[3]

### c.  Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $5,054.76 in attorneys' costs. This amount is comprised of acquiring medical records, postage, and work by Petitioner's expert, Dr. Gregory Yim for reviewing medical records and preparing an expert report. All of these costs are reasonable and have been supported by adequate documentation.[4] Petitioner is therefore awarded the full amount of costs sought.

## II.  Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs is reasonable. Based on the above analysis, the undersigned finds that it is reasonable to compensate Petitioner and her counsel as follows:

---

[3] This amount is comprised of $12,300.00 for the work performed plus $579.58 for the Hawaii state general excise tax of 4.712 percent. The payment of a mandatory state tax for services is a compensable part of attorneys' fees. *See Salazar v. Sec'y of Health & Human Servs.*, No. 17-1338, slip op. at 6 (Fed. Cl. Spec. Mstr. Aug. 13, 2019).

[4] Although the total amount billed for the work of Dr. Yim is reasonable in light of the work performed in this individual case, the undersigned notes that in future cases, expert work must be tracked in a manner similar to how attorney time is tracked, with individual entries detailing the discrete work performed, the amount of time spent on that work, and the hourly rate that was charged. *See* Guideline For Practice Under The National Vaccine Injury Compensation Program at 69, available at:
http://www.cofc.uscourts.gov/sites/default/files/GUIDELINES%20FOR%20PRACTICE%20-%208.22.2019.pdf.

| Attorneys' Fees Requested | $12,879.58 |
|---|---|
| (Reduction to Fees) | - |
| **Total Attorneys' Fees Awarded** | **$12,879.58** |
| | |
| Attorneys' Costs Requested | $5,054.76 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$5,054.76** |
| | |
| **Total Attorneys' Fees and Costs** | **$17,934.34** |

Accordingly, the undersigned awards the following:

1) **A lump sum in the amount of $17,934.34, representing reimbursement for reasonable attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel of record, Mr. Dennis Potts.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

**s/Katherine E. Oler**
Katherine E. Oler
Special Master

---

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).